# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| LOUVINIA LAMBERT, § | | |
| AS NEXT FRIEND TO D.R., A MINOR, § | | |
| AND VERLINE HARTMAN, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 9:20-CV-00097 | |
| § | JURY DEMAND | |
| ANGELINA COUNTY, TEXAS § | | |
| AND SOUTHERN HEALTH § | | |
| PARTNERS, INC., § | | |
|     Defendants. § | | |

## DEFENDANT ANGELINA COUNTY, TEXAS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

Defendant ANGELINA COUNTY, TEXAS ("County") files this Reply in support of its Motion to Dismiss Plaintiffs' Original Complaint to briefly address the issues raised by Plaintiff's Response[1] and respectfully shows the Court the following:

### I. ARGUMENTS & AUTHORITIES

**A. Plaintiffs Have Not Pled a Plausible Constitutional Violation to Establish *Monell* Liability**

Before Plaintiffs can reach the question of whether they have pled sufficient factual allegations to establish the three (3) elements of their *Monell* claim, they must first sufficiently plead the existence of a constitutional violation. They have failed to do so.

    **1. Plaintiffs have not sufficiently pled a deliberate indifference claim.**

As fully briefed in its Motion to Dismiss, Plaintiffs failed to plead a Fourteenth Amendment deliberate indifference claim as a matter of law because "medical neglect" fails to meet the

---
[1] Pls.' Response, Dkt. No. 11.

"extremely high standard" of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645–46 (5th Cir. 1996). **Plaintiffs do not contest this failure in their Response**.[2] Their failure to address this claim creates a presumption that they are not opposed to its dismissal.[3] Accordingly, dismissal of this claim is appropriate.[4]

### 2. Plaintiffs have not sufficiently pled a conditions-of-confinement claim.

Instead of addressing their deliberate indifference claim, Plaintiffs now assert they are only raising a conditions-of-confinement claim. Even so, Plaintiffs have not pled sufficient factual allegations to support such a claim.

"A 'condition of confinement' case is a constitutional attack on 'general conditions, practices, rules, or restrictions of pretrial confinement.'" *Flores v. Cty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997) (quoting *Hare*, 74 F.3d at 644. To survive the County's Motion to Dismiss, Plaintiffs must plead:

> (1) a rule or restriction or . . . the existence of an identifiable condition or practice . . . [or] that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [a detainee's] constitutional rights.

*Montano v. Orange Cty.*, 842 F.3d 865, 874 (5th Cir. 2016). While such claims generally arise from "an explicit policy or restriction"—such as the number of bunks per cell or disciplinary segregation—a condition "may reflect an unstated or *de facto* policy, as evidenced by **a pattern of acts or omissions sufficiently extended or pervasive** . . . to prove an intended condition or practice." *Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir. 2009) (emphasis added).

---

[2] *See generally* Pls.' Response.
[3] *See* Local Rule CV-7(d).
[4] Plaintiffs also fail to address the County's argument relating to legal deficiency of their Eighth Amendment claim. *See generally* Pls.' Response. As such, the Court may also presume that Plaintiffs do not oppose dismissal of this case as well.

Plaintiffs do not reference any explicit written policy or restriction in their Complaint. Instead, they set forth this claim by contending the County has a *de facto* policy of "rel[ying] almost exclusively on non-medical staff to recognize and respond to medical emergencies."[5] However, "[p]roving a pattern is a heavy burden, one that has rarely been met in [Fifth Circuit] case law." *Shepherd*, 591 F.3d at 452. And "evidence showing only 'isolated instances of inadequate medical care' . . . would be insufficient" to show a *de facto* policy. *Id.* at 455 (quoting *Hare*, 74 F.3d at 644–45). Here, Plaintiffs' Complaint is devoid of any allegations setting forth any similar prior incidents, much less a pervasive patter of incidents. Consequently, Plaintiffs have failed to plead a viable conditions-of-confinement claim.

**B.       Plaintiffs Have Not Pled a Plausible County Policy that was the Moving Force Behind Any Constitutional Violation**

Even assuming Plaintiffs did or could sufficiently plead a constitutional violation (which is denied), they have not pled the existence of a County policy that was the "moving force" behind any alleged violation of Hartman's constitutional rights.

**1.       Plaintiffs have not adequately pled the existence of a County policy or custom.**

Plaintiffs fail to plead the existence of any specific County policy to establish *Monell* liability. To sufficiently plead a plausible County policy, a plaintiff must describe the policy or custom and its relationship to the underlying constitutional violation <u>with specificity</u> as conclusory allegations are not enough to withstand a motion to dismiss. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579–80 (5th Cir. 2001); *see also Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)("The [plaintiffs'] description of a policy or custom and its relationship to the underlying constitutional violation, moreover cannot be conclusory; it must contain specific facts.").

---

[5] Pls.' Original Compl., Dkt. No. 1, at ¶ 7.

Here, Plaintiffs fail to describe with specificity any County policy or custom underlying a constitutional violation. To the contrary, they try to create the semblance of a policy in a conclusory and speculative manner by claiming "a combination" of alleged "decisions" by unnamed "jail policymakers" which allegedly resulted in non-medical staff responding to medical emergencies[6] However, these alleged "decisions" are not supported by the factual allegations set forth in Plaintiffs' Complaint or information in the public record which the Court may consider.[7] For example, first Plaintiffs complain that there was no physician on staff at the Angelina County Jail ("ACJ"). But Plaintiffs do not acknowledge that jails are not required by state law to specifically employ physicians. *See* 37 TEX. ADMIN. CODE § 273.1. In compliance with the state jail standards, the ACJ employs licensed medical staff, and this fact is not denied by Plaintiffs. Additionally, Plaintiffs incorrectly complain that "correctional officers have no training whatsoever to be able to recognize when someone needs emergency treatment." All correctional officers are required to be licensed by the Texas Commission on Law Enforcement ("TCOLE"), and such licensure requires basic training on adequate inmate health care. *See* 37 TEX. ADMIN. CODE § 217.1; 10 TEX. OCCUPATIONS CODE § 301–310; TCOLE: COURSES FOR LICENSURE, www.tcole.texas.gov/sites/default/files/CourseCMU/Basic_Jail_course_for_Peace_Officers.pdf. (last visited Oct. 14, 2020).

---

[6] Pls.' Response, at 3.
[7] To evaluate a Rule 12(b)(6) motion to dismiss, a court may also consider: (1) any attachment to the pleadings, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); (2) documents incorporated into the complaint by reference, *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008); (3) documents that a defendant attaches to its motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, *see Scanlan*, 343 F.3d at 536; (4) matters of public record, *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); and (5) information subject to judicial notice. *Dorsey*, 540 F.3d at 338; *see also Tellabs*, 551 U.S. at 322 (stating that when ruling on Rule 12(b)(6) motions to dismiss, in addition to the complaint, courts ordinarily examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Most importantly, there are no allegations in Plaintiffs' Complaint about non-medical jail staff providing medical treatment to Hartman. In fact, all of Plaintiffs' claims are based on the contention that **ACJ medical staff** did not provide appropriate medical treatment to Hartman.[8]

Nor are there any allegations in Plaintiffs' Complaint that non-medical jail staff provided medical treatment to any other inmates. The isolated incident with Hartman, even if taken as true, is insufficient by itself to establish a policy or custom form *Monell* liability. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir.) (en banc), cert. denied, 472 U.S. 1016 (1985); *see also Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("allegations of an isolated incident are not sufficient to show the existence of a custom or policy.").

### 2. Plaintiffs have not proffered any allegations supporting causation.

Even assuming that Plaintiffs sufficiently pled a County policy (which is denied), they fail to assert sufficient facts showing that it directly caused an alleged violation of Hartman's constitutional rights. As discussed, the only alleged policy suggested by Plaintiffs relates primarily to the contention that correctional officers should have been trained to recognize and respond to medical emergencies. However, as explained in the County's Motion to Dismiss, there are no allegations in Plaintiffs' Complaint about non-medical jail staff providing medical treatment to Hartman or any other inmate. On the contrary, Plaintiffs contend that Hartman's death was the result of medical staff (not non-medical staff) failing to provide appropriate and timely medical treatment to Hartman. Accordingly, there is a lack of connection between the County policy alleged by Plaintiffs and the constitutional deprivation allegedly experienced by Hartman.

---

[8] Pls.' Original Compl., at ¶¶ 8–19.

## C. Plaintiffs Fail to Adequately Plead a Failure-to-Train Claim

Based on Plaintiffs' Response, it seems they do not intend to raise a failure-to-train or failure-to-supervise claim.[9] Nonetheless, out of an abundance of caution, the County contends that if such a claim is asserted, it would also fail as a matter of law.

As set forth in the County's Motion to Dismiss, to assert such a claim, Plaintiffs must allege sufficient facts to enable the Court to draw the reasonable inference that: "(1) the training procedures were inadequate; (2) the [County's] policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused [Plaintiffs'] injury." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). Similarly, with a failure-to-supervise claim, Plaintiffs must show that: "(1) the [County] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the [Plaintiffs'] rights; and (3) the failure to train or supervise constituted deliberate indifference to the [Plaintiffs'] constitutional rights." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)).

Further, in a situation like the one at issue, it is well-settled that "a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *see also Estate of Davis v. North Richland Hills*, 406 F.3d 375, 386 (5th Cir. 2005) (same for failure-to-supervise claims). Rather, Plaintiffs "must demonstrate at least a pattern of similar incidents in which the citizens were injured . . . to establish the official policy requisite to municipal liability under section 1983." *Snyder*, 142 F.3d at 798–

---

[9] *See* Pls.' Response, at 4 ("To whatever extent this may be viewed as a "failure to train" claim . . . .").

799 (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554–55 (5th Cir.1989) (internal quotation and citation omitted)).

As discussed above, Plaintiffs alleged lack of training claim related to the non-medical correctional officers at the ACJ is simply speculative and conclusory. As outlined above, Plaintiffs fail, at the outset, to even appreciate what training is required for a correctional officer to be licensed, including basic training on adequate inmate health care. Further, they provide no details as to what specific training in addition to same allegedly should have been provided by the County.

Also, nowhere in their Complaint do they offer any specific factual allegations as to how any County policymaker (such as the Sheriff) knew of or was deliberately indifferent to such alleged training deficiency.

Finally, Plaintiffs do not set forth any allegations of a pattern of similar incidents, or any other incidents at all.

To try to get around their failure to set forth any pattern of similar incidents or deliberate indifference related to alleged lack of training, Plaintiffs claim that the facts herein do not require same as they are analogous to those in *Littell v. Houston Independent School District ("HISD")*. *See Littell v. HISD*, 894 F.3d 616 (5th Cir. 2018). This allegation is incorrect. In *Littell*, the Plaintiffs included two (2) separate individuals who were part of a sixth-grade school class that underwent a mass strip search of their underwear for money that allegedly had been stolen. In the suit, Plaintiffs alleged that the search, conducted by a school official, violated their constitutional rights and that HISD had not provided any training to the school official at issue or any other school officials on how to legally conduct an invasive search. In evaluating the case, the court found that in very rare circumstances, where the risk of constitutional violations is or should be "obvious" or "a highly predictable consequence of the alleged training inadequacy," that an

inference can be inferred that deliberate indifference exists. *Id*. at 624. However, the Court stressed that such an inference was possible only in "very narrow circumstances." *Id*. In fact, it noted that in the 30 years since the *Canton* case, actual cases reaching such extremes "have proved fortunately rare." *Id*. at 627.

Here, the facts do not have any similarity to those in *Littell*. Plaintiffs' assertion that they are analogous is simply a stretch. Unlike *Littell*, it is in no way obvious or highly predictable that without medical training provided by the County to correctional officers that a constitutional violation will occur. As discussed, such officers already undergo training in dealing with medical emergencies when they become licensed. Moreover, even when a medical emergency occurs, they are not involved in providing direct medical care or treatment. Further, there is no allegation in this case that they failed to provide medical training to Hartman. Additionally, a determination of what constitutes a medical emergency or what medical treatment may be needed for an inmate involves a case by case analysis of the facts at issue.

## II. PRAYER

Based on the foregoing, the County prays the Court grant the County's Motion to Dismiss and order that all of Plaintiffs' claims against it be dismissed with prejudice. The County also prays that the Court grant such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ CJ Rejda-Ponce
_____
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
**William N. Wilson II – Of Counsel**
State Bar No. 21733100
Federal I.D. No. 7931
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANT**
**ANGELINA COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on the 14tth day of October 2020, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ CJ Rejda-Ponce
_____
**Carmen Jo Rejda-Ponce**