IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LOUVINIA LAMBERT, AS NEXT FRIEND TO D.R., A MINOR, AND VERLINE HARTMAN, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 9:20-cv-00097 |
| ANGELINA COUNTY, TEXAS AND SOUTHERN HEALTH PARTNERS, INC., Defendants. | § § § § § | JURY TRIAL REQUESTED JUDGE MICHAEL TRUNCALE |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the Parties' Joint Motion for Entry of Confidentiality and Protective Order ("Protective Order"). [Dkt. 32]. After careful consideration, it is hereby ORDERED as follows:

1. **Confidential Information**

"Confidential Information" means any information that the producing party believes is comprised of (a) trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, (b) personally sensitive information, or (c) other information required by law or agreement to be kept confidential including information protected by privileges.

All such designation shall occur in writing, either by marking directly on the document containing the information, or, if not contained in a document, in a separate writing. With the exception of material designated as "Confidential" on the record at a deposition, no oral designation shall occur.

2. **Qualified Persons**

"Qualified Persons" means:

a. retained counsel for the Parties in this litigation and their respective staff;

b. actual or potential independent experts or consultants engaged in connection with this litigation, and their respective staff;

c. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

d. the Party, if a natural person;

e. if the Party is an entity, such current and former officers, elected officials, representatives, directors, or employees of the Party who are actively involved in the prosecution or defense of this case;

f. deponents in this litigation who are provided Confidential Information during their depositions, provided that such deponents may see and use the Confidential Information, but may not retain a copy;

g. litigation vendors, court reporters, and other litigation support personnel;

h. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information, provided that such persons may see and use the Confidential Information but not retain a copy;

i. insurers or risk pools for the Parties in this litigation; and

j. such other person as this Court may designate after notice and an opportunity to be heard.

**3.** **Designation Criteria**

a. *Non-confidential Information.* Confidential Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written

          document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure;

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such Third Party has the right to make the disclosure to the Receiving Party; or

    v.    has been produced by any entity as part of a public information request, open records request, or similar request, except personal identifying information (for example, addresses, phone numbers, social security numbers), bank information, health information, or personal insurance information contained in personnel files.

b.    *Confidential Information*.  A Party shall designate as Confidential Information only such information that the Party in good faith believes in fact is comprised of (a) trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, (b) personally sensitive information, or (c) other information required by law or agreement to be kept confidential including information protected by privileges.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

c.    *Confidential Psychotherapy Notes*.  "Psychotherapy notes" are doctor's notes

that have been specifically so labeled and separated from a patient's other medical records, because the doctor has determined that the release of such notes could be harmful to the patient or others. The designation of documents as "Confidential Psychotherapy Notes" may be applied by any party to documents believed in good faith to be psychotherapy notes, which have been obtained by any party from any other party or non-party. Due to their uniquely sensitive nature, documents designated as "Confidential Psychotherapy Notes" may only be viewed by members of the attorneys' offices working on the case and may not be provided to the patient or a family member of the patient without written consent by the notes' authoring doctor. If a party wishes to challenge the "Confidential Psychotherapy Notes" designation, such party must utilize the process below.

**4. Use of Confidential Information**

All Confidential Information provided by any Party or Nonparty in the course of this litigation shall be used solely for the purpose of discovery, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5. Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any Party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Confidential Psychotherapy Notes." In lieu of marking the original of a document, if the original is not provided, the Designating Party may mark the copies that are provided. Originals shall be preserved for inspection.

**6. Disclosure at Depositions**

Confidential Information disclosed at (a) the deposition of a Party or one of its present or

former officers, directors, elected officials, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a Nonparty, may be designated by any Party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any Party also may designate information disclosed at a deposition as Confidential Information by notifying all Parties in writing, no later than 30 days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control. All deposition transcripts shall be treated as Confidential for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a Party or a Nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

7. **Disclosure to Qualified Persons**

   a. *To Whom.* Confidential Information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons except as necessary to

comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the Receiving Party will so notify the Producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.

    b.    *Retention of Copies During this Litigation.* Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

**8.    Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the Receiving Party.

If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the Party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.    Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each Party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected Parties and Nonparties, orders such disclosure.

Nor shall anything in this Order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which Party produced such information.

**10. Challenging the Designation**

    a. *Confidential Information.* A Party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the Objecting Party shall declare in writing that the Parties cannot agree on the Confidential designation. The Designating Party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise.

    b. *Qualified Persons.* In the event that any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the Objecting Party shall declare that the Parties cannot agree in writing. Then, 14 days from the date of the designation of such Qualified Person, or notice of the disclosure of Confidential Information to such Qualified Person, the Objecting

> Party shall move the Court for an order denying the Qualified Person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The Objecting Party shall have the burden of demonstrating that disclosure to the disputed Qualified Person would expose the Objecting Party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed Qualified person unless and until the Court enters an order preserving the designation.

**11. Manner of Use in Proceedings**

In the event a Party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the Party shall do one of the following: (1) with the consent of the Producing Party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

**12. Filing Under Seal**

The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential Information or Confidential Psychotherapy Notes by any Party to this litigation consistent with the sealing requirements of the Court.

**13. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, a Party who has provided Confidential Information to any Qualified Person shall inform such

Qualified Person to destroy or return to the Party any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of the Qualified Person, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information upon written notice, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

**14.    Ongoing Obligations**

Insofar as the provisions of this Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**15.    Advice to Clients**

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another Party if such disclosure would be contrary to the terms of this Order.

**16.    Duty to Ensure Compliance**

Any Party designating any person as a Qualified Person shall have the duty to reasonably

ensure that such person observes the terms of this Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Order.

**17. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**18. Modification and Exceptions**

The Parties may, by stipulation, provide for exceptions to this order and any Party may seek an order of this Court modifying this Order.

**SIGNED this 8th day of September, 2021.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge