**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **Louvinia Lambert,** | § | |
| **as next friend to D.R., a minor, and** | § | |
| **Verline Hartman,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 9:20-cv-00097** |
| | § | |
| **Angelina County, Texas** | § | |
| **and Southern Health Partners, Inc.,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT SOUTHERN HEALTH PARTNERS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Separate Defendant Southern Health Partners, Inc. ("SHP"), and for its First Amended Answer to Plaintiff's First Amended Complaint states as follows:

1.      Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 1 and, therefore, denies same.

2.      Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 2 and, therefore, denies same.

3.      Separate Defendant admits the allegations of paragraph 3.

4.      Subject to Separate Defendant's defenses, affirmative and otherwise, Separate Defendant admits that this Court has jurisdiction over the subject matter of this litigation.

5.      Separate Defendant admits the allegations of paragraph 5.

6.       Separate Defendant admits that Janet Hartman ("Hartman") died on May 13, 2018, and that she was a 44-year-old inmate at Angelina County Jail.  Separate Defendant denies the remaining material allegations of paragraph 6.

7.    Separate Defendant denies the allegations of paragraph 7.

8.    Separate Defendant denies the allegations of paragraph 8.

9.    Separate Defendant denies the allegations of paragraph 9.

10.    Separate Defendant denies the allegations of paragraph 10.

11.    Separate Defendant admits that the allegations of paragraph 11 accurately reflect the contents of the sick call slip.

12.    Separate Defendant denies the allegations of paragraph 12.

13.    Separate Defendant denies the allegations of paragraph 13.

14.    Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 14, and therefore, denies same.

15.    Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 15, and therefore, denies same.

16.    Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 16 and, therefore, denies same.

17.    Separate Defendant denies the allegation that the medical staff was ignoring Hartman's illness.  Separate Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 17, and therefore, denies same.

18.    Separate Defendant denies the allegations of paragraph 18.

19.    Separate Defendant denies the allegations of paragraph 19.

20.    Separate Defendant admits that Hartman was assessed by nursing at 1600.  Separate Defendant further admits that Hartman was observed to be very weak with her head leaning to one side, and that her face was red with a bluish tint around her mouth.  Separate Defendant further admits that at 1602 all fingers and toes appeared to be blue tinged, O2 Sat was 75%, and

blood pressure was 180/92.  Separate Defendants further admit that Hartman's breathing was labored with crackles.  Separate Defendants further admit that Hartman stated that she had been feeling like this for about 3 weeks.  Separate Defendants deny the remaining material allegations of paragraph 20.

21.     Separate Defendant is without sufficient.to admit or deny the allegations of paragraph 21, and therefore, denies same.

22.     Separate Defendant admits that Hartman's time of death is listed as 7:25 P.M., and that an autopsy report listed the cause of death as pneumonia.

23.     Separate Defendant denies the allegations of paragraph 23.

24.     Separate Defendant denies the allegations of paragraph 24.

25.     Separate Defendant denies the allegations of paragraph 25.

26.     Separate Defendant admits that its contract Angelina County provided that the Professional Provider may be filled with either a physician or a mid-level practitioner.  Separate Defendant denies the remaining material allegation of paragraph 26.

27.     Separate Defendant admits that it utilized Robert Eastwood, PA as a Professional Provider.  Separate Defendant denies the remaining material allegations of paragraph 27.

28.     Separate Defendant denies the allegations of paragraph 28.

29.     Separate Defendant admits that Tex. Occupations Code § 204.204(b) states. supervision of a physician assistant by a supervising physician must be continuous. The supervision does not require the constant physical presence of the supervising physician where physician assistant services are being performed, but, if a supervising physician is not present, the supervising physician and the physician assistant must be, or must be able to easily be, in contact with one

another by radio, telephone, or another telecommunication device.  Separate Defendant denies the remaining material allegations of paragraph 29.

30.     Separate Defendant denies the allegations of paragraph 30.

31.     Separate Defendant denies the allegations of paragraph 31.

32.     Separate Defendant denies the allegations of paragraph 32.

33.     Separate Defendant denies the allegations of paragraph 33.

34.     Separate Defendant denies the allegations of paragraph 34.

35.     Separate Defendant denies the allegations of paragraph 35.

36.     Separate Defendant denies the allegations of paragraph 36.

37.     Separate Defendant denies the allegations of paragraph 37.

38.     Separate Defendant admits that it follows the statutes and ordinances of the State of Texas and of Angelina County.  Separate Defendant denies the remaining material allegations of paragraph 28.

39.     Separate Defendant denies the allegations of paragraph 39.

40.     Separate Defendant admits that it has a duty of ordinary care with regard to its care of inmates housed at Angelina County Jail.  Separate Defendant further admits that it has a duty to not violate inmates' Eighth Amendment rights against cruel and unusual punishment.  Separate Defendant denies the remaining material allegations of paragraph 28.

41.     Separate Defendant is without sufficient information to admit or deny the allegations of paragraph 41, and therefore, denies same.

42.     Separate Defendant admits that SHP management has policymaking authority for SHP. Separate Defendant denies the remaining material allegations of paragraph 42.

43.     Separate Defendant denies the allegations of paragraph 43.

44.     Separate Defendant admits that it has a duty of ordinary care with regard to its care of inmates housed at Angelina County Jail.  Separate Defendant further admits that it has a duty to not violate inmates' Eighth Amendment rights against cruel and unusual punishment.  Separate Defendant denies the remaining material allegations of paragraph 44.

45.     Separate Defendant denies the allegations of paragraph 45.

46.     Separate Defendant denies the allegations of paragraph 46.

47.     Separate Defendant denies the allegations of paragraph 47.

48.     Separate Defendant denies the allegations of paragraph 48.

49.     Separate Defendant denies the allegations of paragraph 49.

50.     Separate Defendant denies the allegations of paragraph 50.

51.     Separate Defendant denies the allegations of paragraph 51.

52.     Separate Defendant denies the allegations of paragraph 52.

53.     Separate Defendant denies the allegations of paragraph 53.

54.     Separate Defendant admits that it had a duty of ordinary care with regard to its care of inmates, including Janet Hartman, housed at Angelina County Jail.  Separate Defendant further admits that it has a duty to not violate inmates' Eighth Amendment rights against cruel and unusual punishment.  Separate Defendant denies the remaining material allegations of paragraph 54.

55.     Separate Defendant denies the allegations of paragraph 55.

56.     Separate Defendant denies the allegations of paragraph 56.

57.     Separate Defendant denies the allegations of paragraph 57.

58.     Separate Defendant denies the allegations of paragraph 58.

59.     Separate Defendant admits the allegations of paragraph 59.

60.     Separate Defendant denies the allegations of paragraph 60.

61.     Separate Defendant denies the allegations of paragraph 61.

62.     Separate Defendant denies that Plaintiff, or any other claimant, is entitled to any relief as requested in Plaintiff's Complaint.

63.     Separate Defendant denies each and every, all and singular, the material allegation contained in Plaintiff's Complaint not admitted herein.

## AFFIRMATIVE DEFENSES

64.     Separate Defendant asserts that Plaintiffs' claims are barred, in whole or in part, by comparative fault or contributory negligence.

65.     Separate Defendant asserts that Hartman's death was caused by an intervening or superseding cause.

66.     Separate Defendant asserts that Hartman's death was caused by her own actions.

67.     Separate Defendant asserts that Hartman's death was not caused by any action or inaction on Separate Defendant's part.

68.     Separate Defendant asserts that Hartman's death was caused by a person or persons over whom Separate Defendant had no control.

69.     Separate Defendant asserts that Hartman failed to mitigate her damages.

70.     Separate Defendant asserts that it is entitled to an offset, or a dollar-for-dollar settlement credit, as a result of the monetary settlement between Plaintiffs and the Angelina County Defendants.   This affirmative defense is contingent upon the Court approving such settlement.

71.     Separate Defendant further invokes all of the defenses and damages caps provided by the Texas Civil Practice and Remedies Code, Chapter 74.

WHEREFORE, PREMISES CONSIDERED, Separate Defendant prays that Plaintiffs take nothing by way of this action, that the Court dismiss the action with prejudice, and for all other relief at law or in equity to which Separate Defendant may be entitled in the premises.

Respectfully submitted,


 /s/  James L. Cook
James L. Cook; TX Bar No. 24034387
MORGAN, COOK & BECK, L.L.P.
3512 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 793-5651
Telecopier: (903) 794-5651
Email: jlcook@mcblawfirm.com


**ATTORNEYS FOR DEFENDANT,
SOUTHERN HEALTH PARTNERS**


## <u>CERTIFICATE OF SERVICE</u>

I, James L. Cook, hereby certify that on March 31, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Mr. Don Tittle
Law Offices of Don Tittle, PLLC.
6301 Gaston Avenue, Suite 4400
Dallas, TX  75214


 /s/  James L. Cook
James L. Cook