IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LOUVINIA LAMBERT, AS NEXT FRIEND TO D.R., A MINOR, and VERLINE HARTMAN, INDIVIDUALLY and AS REPRESENTATVE OF THE ESTATE OF JANET HARTMAN, Plaintiffs, v. ANGELINA COUNTY, TEXAS and SOUTHERN HEALTH PARTNERS, INC., Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:20-cv-00097 JURY TRIAL REQUESTED JUDGE MICHAEL TRUNCALE |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Louvinia Lambert, as next friend to D.R., a minor, and Verline Hartman, Plaintiffs in the above-styled and numbered cause, and submits their response in opposition to Defendant's Motions in Limine.

**Response to SHP Motion in Limine No. 1:**

When Southern Health Partners ("SHP") contractually agreed to handle all aspects of medical care at the Angelina County jail, the company assumed the constitutionally imposed obligation to meet the basic medical needs of individuals incarcerated at the jail. SHP attempts to discharge that duty by providing a system of medical care in which little to no supervision occurs of its nurses or the Physician Assistant ("PA") in charge. Additionally, SHP contracts with an out-of-town physician at a rate of $100 per month

who purports to be available 24/7, 52 weeks a year to serve as the supervising physician for the on-site PA.[1] Evidence in this case will demonstrate that the supervising physician has never met, spoken, emailed, or communicated in any manner with the PA at Angelina County Jail that he allegedly supervised. In fact, he was unaware of the PA's name or that the individual had ceased to work there more than a year ago.

Plaintiffs contend that the system of medical care set up by SHP is so lacking that it constitutes an impermissible "condition of confinement" and is thus a breach of its constitutional obligations and numerous standards of care. Jan Hartman's death was directly caused by an utterly failed system of medical care in which she languished and deteriorated for more than a month prior to her death. If the PA was unaware of Ms. Hartman's condition, it was only because the system set up by SHP allowed for the willful disregard of Ms. Hartman's medical condition. Because the PA was unsupervised, he was allowed to take shortcuts, ignore patient care, and did nothing to insure that the nurses were setting up appointments with those that needed a higher level of medical care. Having an unsupervised PA is tantamount to having no physician level care at all. Further, any attempt to practice medicine by the PA without continuous physician supervision, as required by Texas law, constitutes the unauthorized practice of medicine. The fact that SHP was not only aware of this arrangement, but in fact orchestrated it, is also relevant to the issue of exemplary damages.

---

[1] In fact, SHP has the same arrangement at numerous county jails wherein Job Mongarie, M.D., serves as the supervising physician for other PAs at SHP run facilities.

Plaintiffs further contend that the issue of whether the PA was an independent contractor is a fact question. As described above, the individual's work was controlled by SHP and his delegation of authority derived solely from the SHP-arranged relationship with a supervising physician, who supervised in name only. Evidence to this arrangement is directly relevant to show the lack of independence of the PA and the systemic failure of SHP to provide basic medical care.

**Response to SHP Motion in Limine No. 2:**

Plaintiffs do not contend that SHP will be liable simply because of the deliberate indifference of its employees. However, Plaintiffs oppose Motion in Limine Number 2 because counsel should not be limited in describing the conduct of anyone associated with the medical care, or lack of thereof, as being deliberately indifferent. Absent a jury instruction of the legal meaning of "deliberate indifference", the jury in this case would have no reason to attach a legal meaning to a phrase that could be used to describe the conduct of those who neglected Ms. Hartman. Calling them deliberately indifferent would not be significantly different than describing their conduct as grossly inadequate. Regardless of the words used, the jury would have no reason apply legal principles for which they have not received an instruction.

**Response to SHP Motion in Limine No. 3:**

Defendant's contention that Plaintiffs not be allowed to reference the incompleteness of the medical file is belied by the fact that their own document production proves how incomplete and shoddy SHP's medical records were kept. The

"complete" copy of the medical file that was produced by SHP did not include one of the most pertinent and relevant records related to Ms. Hartman's medical condition. In fact, medical notes reflecting her feeling ill and not being able to get out of bed a month prior to her death were only discovered by Plaintiffs' counsel when reviewing the approximately 700 pages of attachments to an investigation into Ms. Hartman's death. These same notes were NOT part of the allegedly complete medical file produced by SHP. The contention that Ms. Hartman's medical file was complete is simply false. Furthermore, multiple witnesses have given witness statements and are expected to testify that they personally implored medical staff, both orally and in writing, to provide Ms. Hartman assistance. Records produced by SHP contain no reference to any inmates or guards as having ever requested help for Ms. Hartman. That is flatly contradicted by existing evidence and testimony.

Respectfully submitted,

By:   */s/ Don Tittle*
      Don Tittle
      Texas Bar No. 20080200
      don@dontittlelaw.com
LAW OFFICES OF DON TITTLE, PLLC
8350 N Central Expy, Suite M1085
Dallas, Texas 75206
214/522-8400
214/389-1002- FAX

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served upon counsel for Defendants, in accordance with the Federal Rules of Civil Procedure on this 5th day of May, 2022.

/s/ *Don Tittle*
Don Tittle